**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**KIRK ALLEN HENDRIXSON**,
*Individually and on behalf of
others similarly situated*

    Plaintiff,

v.

**SOLAREN RISK MANAGEMENT, LLC**,
*a Tennessee Limited Liability Company,*

    Defendant.

NO. _____

**FLSA Opt-In Collective Action
JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Kirk Allen Hendrixson ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint under the Fair Labor Standards Act ("FLSA") against the above-named Defendant and shows as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling*

1

*v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to properly classify its workers as employees and thereby failing to pay its workers for all hours of work at the rates required by the FLSA. Plaintiff and putative class members routinely worked in excess of forty (40) hours per week but were not paid overtime for doing this excessive work. Instead, Defendant misclassified Plaintiff and putative class members, as defined below, as independent contractors exempt from the protections of the FLSA.

3. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff is an individual who was employed by Defendant within the meaning of the FLSA within the three (3) year period preceding the filing of this Complaint. His consent to be a party-plaintiff in this action is attached as *Exhibit A*.

5. Plaintiff and putative class members are Defendant's current and former security guard employees who were misclassified as independent contractors and were not paid overtime pay for overtime work as required by the FLSA.

6. Defendant Solaren Risk Management, LLC ("Defendant" or "Solaren") is a Tennessee for-profit corporation authorized to do business and that does business in the state of Tennessee. Solaren can be served with process through its registered agent: Jack K. Byrd III, 1000 Pleasant Grove Place, Suite 300, Mount Juliet, Tennessee, 37122-3781 or wherever he may be found.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 216(b)

and 28 U.S.C. § 1331.

8. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

## IV. COVERAGE

9. At all times hereinafter mentioned, Defendant has been the "employer" of Plaintiff and putative class members within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and putative class members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

13. Defendant Solaren is, according to its website, "a leading provider of security & police personnel in the state of Tennessee & the southeastern United States." https://www.solarenrm.com (last visited May 20, 2022).

3

14. Plaintiff and putative class members were employed by Defendant as security guards during the three (3) years prior to the filing of this suit and during this time provided security services to Defendant's clients and customers at Defendant's direction and control.

15. Plaintiff Hendrixson worked for Defendant at the Four Corners Resort and Marina located in Antioch, Tennessee.

16. Plaintiff and putative class members were compensated by Defendant on an hourly basis.

17. Plaintiff and putative class members regularly worked over forty (40) hours during the regular workweek.

18. For example. Plaintiff Hendrixson typically worked between forty-three (43) to forty-five (45) hours per week and was paid at a rate of $20.00 per hour.

19. Nonetheless, Plaintiff and putative class members were only paid "straight time" (their regular rate of pay) for each hour worked regardless of how many hours were worked over forty (40) in any workweek.

20. This is because Defendant erroneously classified Plaintiff and putative class members as "independent contractors" not covered under the FLSA.

21. Defendant had no good faith basis to believe that Plaintiff and the putative class were exempt from the overtime requirements of the FLSA.

22. Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff and the putative class overtime compensation.

23. Defendant had actual knowledge that Plaintiff and the putative class worked overtime hours.

24. Defendant financially benefitted by failing to pay Plaintiff and the putative class overtime.

25. Defendant's conduct as alleged herein was willful and has damaged Plaintiff and the putative

4

class.

### a. Plaintiff & Putative Class Members Are Not Independent Contractors.

26. Plaintiff and the putative class provide security services to Defendant's customers.

27. Plaintiff and the putative class are employees as a matter of economic reality. The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 states that "most workers are employees under the FLSA's broad definitions." Plaintiff and the putative class qualify as employees under the FLSA.

28. The foregoing work performed by Plaintiff and the putative class is an integral part of Defendant's business; Defendant's business purpose is to provide exists to provide security services.

29. Defendant controlled Plaintiff and the putative class whenever they were performing services on behalf of the Defendant.

30. The duties of the Plaintiff and the putative class do not involve managerial work.

31. Plaintiff and putative class members do not make any significant relative investments in relation to their work with Defendant.

32. Plaintiff and the putative class have no opportunity to experience a profit or loss related to their employment. Defendant pays them a fixed hourly rate. Plaintiff and the putative class do not share in Defendant's monetary success; their income from their work is limited to their hourly rate.

33. The work of the Plaintiff and the putative class members does not require special skills, judgment, or initiative.

34. Plaintiff and the putative class are economically dependent on Defendant.

35. Plaintiff and the putative class are not, and cannot be, customarily engaged in an

independently established trade, occupation, profession, or business when working for Defendant due to the excessive hours worked.

36. Plaintiff and the putative class have no authority to refuse or negotiate Defendant's rules and policies; they must comply or risk discipline or termination.

37. Defendant instructs Plaintiff and the putative class concerning how to do their work and Defendant dictates the details of the performance of their jobs.

38. Despite these facts, Defendant failed to pay Plaintiff and the putative class the requisite overtime rate. Rather, Defendant paid them "straight time" for hours worked over forty (40) in a particular week, regardless of the number of hours worked over forty (40) in any week.

### b. Defendant Willfully Violated the FLSA.

39. Defendant had no legitimate basis to believe that Plaintiff and the putative class were exempt from the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiff and the putative class overtime compensation for all overtime hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

    a. Defendant had actual knowledge that Plaintiff and the putative class worked overtime hours;

    b. Defendant knew that it did not pay Plaintiff and the putative class one and one half (1½) times their regular rates of pay for all overtime hours worked;

    c. Defendant lacked any good-faith basis to believe that Plaintiff and the putative class fell within any exemption from the overtime requirements of the FLSA; and

    d. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiff and the putative class overtime pay for all overtime hours worked, reducing labor and payroll costs.

40. Defendant knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the putative

class.

## VI. COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

42. Plaintiff and the putative class performed the same or similar job duties as one another and were/are paid under the same pay policy or practice, regularly worked more than forty (40) hours per week, and were improperly classified as independent contractors.

43. The proposed collective class of similarly situated persons is defined as:

> All current and former security guard workers of Defendant worked at least one full week and who were not paid overtime at the applicable FLSA overtime rates of pay within weekly pay periods during the three (3) years preceding the filing of this action.[1]

44. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the misclassification and non-payment of overtime pay for overtime hours worked that applied to Plaintiff applies/applied to the putative class.

45. All putative class members, regardless of their precise job title, requirements, or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) hours per week because they were misclassified as independent contractors. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the putative class.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT –
### FAILURE TO PAY OVERTIME WAGES

46. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

---

[1] Plaintiff reserves the right to amend the Class Description.

47. Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty (40) hours without compensating such non-exempt employees for their overtime work.

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

49. Through their actions, plans, policies and practices Defendant has acted willfully and violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the putative class for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests the Court to enter judgment in his favor on this Complaint and:

a) Award all unpaid overtime compensation against;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with

the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to further amend this Complaint, if necessary, as new facts are discovered; and

j) Provide additional general and equitable relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: May 23, 2022.                    Respectfully Submitted,

*s/Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*