UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIRK ALLEN HENDRIXON, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | )    Case No. 3:22-cv-00375 |
| v. | )    Judge Campbell/Frensley |
| SOLAREN RISK MANAGEMENT, LLC, | )<br>) |
| Defendant. | ) |

**JOINT NOTICE OF FILING SETTLEMENT AGREEMENT AND MOTION FOR APPROVAL BY THE COURT**

Come the parties and file this Joint Notice of Filing Settlement Agreement and Motion for Approval by the Court ("Joint Motion"). In support of their Joint Motion, the parties state the following:

1. On May 23, 2022, Plaintiff filed the Original Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA") on behalf of himself and putative collective class members, consisting of current and former security guards who worked for Defendant since May 23, 2019, and who were allegedly misclassified as independent contractors and not paid overtime. *Doc. 01, Compl., ¶¶ 2, 4, 5 and 14*.

2. At all times, Defendant has denied and continues to deny that it improperly classified Plaintiff or current and former security guards as independent contractors, and further, has denied and continues to deny that Plaintiff or putative collective class members are entitled to any relief whatsoever.

3. After the filing of the Original Collective Action Complaint, and prior to Defendant filing a responsive pleading, the parties voluntarily exchanged documents and information. Thereafter, the parties negotiated a settlement as to Plaintiff's *individual* claims only.

4. On November 23, 2022, the parties filed a joint Notice of Settlement, advising the Court that they had reached a settlement, were in the process of preparing the settlement agreement and any

additional paperwork necessary to resolve the matter, and would thereafter file a stipulation of dismissal with prejudice. *Doc. 13, Notice of Settlement*.

5. After filing the Notice of Settlement, the parties negotiated, drafted and executed the Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**.

6. As part of the Settlement Agreement, Defendant continues to deny any and all allegations of wrongdoing and maintains that Plaintiff's lawsuit and the allegations contained therein are meritless, both as to Plaintiff individually and on behalf of the putative collective class. *Ex. 1, Settlement Agreement, p. 1*. Further, Plaintiff agrees to release any and all claims against Defendant. *Id., p. 1 and ¶¶ 1, 4-6, 9 – 10*. Finally, as part of the Settlement Agreement, Plaintiff affirms that he was properly classified as an independent contractor by Defendant. *Id., ¶ 9*.

7. As a term to the Settlement Agreement, following receipt of the settlement proceeds, Plaintiff agreed to dismiss the case with prejudice. *Id., ¶ 3*. Accordingly, on February 17, 2023, the parties filed a Joint Stipulation of Dismissal with prejudice. *Doc. 15, Joint Stipulation*.

8. On February 21, 2023, the Court entered an Order instructing the parties to file a copy of the Settlement Agreement for review and approval by the Court by March 9, 2023. *Doc. 17, Order*.

9. Pursuant to the Settlement Agreement, the parties agreed that the Settlement Agreement and the terms contained therein would remain confidential. *Ex. 1, Settlement Agreement, ¶ 17*. However, the parties agreed that if it should become necessary to seek Court or other approval of the Settlement Agreement or the settlement, they would do so confidentially by initially seeking *in camera* review of the Settlement Agreement, and, if denied, would file a joint motion for approval of the Settlement Agreement under seal. Further, in the event that *in camera* review and the joint motion to file under seal were denied, the parties agreed to then file a joint motion or otherwise jointly request that

2

Case 3:22-cv-00375   Document 21   Filed 03/06/23   Page 2 of 5 PageID #: 47

all monetary settlement amounts be redacted from the Settlement Agreement, such that the monetary payments amounts would remain confidential. *Id., ¶ 27*.

10. Based on the foregoing the parties filed a Joint Motion for *In Camera* Review of Settlement Agreement and to Approve Settlement on March 1, 2023. *Doc. 19, Joint Motion*.

11. On March 2, 2023, the Court entered an Order denying parties' Joint Motion. *Doc. 20*. Further, the Court ordered that in conjunction with the filing of the Settlement Agreement for review and approval, the parties should file briefing that explains why their agreement to preserve as confidential the settlement agreement and the terms contained therein was enforceable. *Id., p. 2*.

12. Following entry of the Court's March 2, 2023 Order, the parties conferred. Based on the Court's ruling, the parties have agreed and do hereby stipulate to strike Paragraph 17 from the Settlement Agreement, thereby removing the confidentiality provision from the Settlement Agreement. By doing so, the parties believe that this renders the Court's Order to brief the issue moot.

13. The parties request that the Court approve the settlement and the Settlement Agreement. As discussed above, Defendant has and continues to maintain that it properly and legally classified Plaintiff as an independent contractor, therefore, his claim has no merit. Further, as part of the Settlement Agreement, Plaintiff acknowledges that he was properly classified as an independent contractor. Despite this, recognizing the costs and uncertainties of litigation and based on arms-length negotiations in which the parties were each represented by competent counsel, the parties reached an agreement to settle Plaintiff's individual claim for $3,000.00.

14. Given the strength of Plaintiff's case (or lack thereof), the risk, expense, complexity and likely duration of further litigation, and the experience and views of counsel following the exchange of documents and information, the parties submit that the settlement is a fair and reasonable resolution of

a bona fide dispute over FLSA provisions, and specifically, the issue of whether Defendant properly classified Plaintiff as an independent contractor.

15. Based on the foregoing, the parties request that the Court enter an order approving the settlement and the Settlement Agreement.

Respectfully submitted,

JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT

By: */s/ J. Russ Bryant*
J. Russ Bryant, #033830
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
rbryant@jsyc.com

*Attorneys for Plaintiff*

DICKINSON WRIGHT PLLC

By: */s/ Martin D. Holmes*
Martin D. Holmes, #012122
424 Church Street, Suite 800
Nashville, TN 37219
Phone: (615) 244-6538
Facsimile (844) 670-6009
mdholmes@dickinsonwright.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, a true and correct copy of the foregoing has been served on the following individuals consenting to electronic service by operation of the Court's electronic filing system:

J. Russ Bryant, Esq.
JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT
262 German Oak Drive
Memphis, TN 38018

                                                 */s/ Martin D. Holmes*
                                                 Martin D. Holmes

4880-5518-0885v.1[103862-00001]

5

Case 3:22-cv-00375   Document 21   Filed 03/06/23   Page 5 of 5 PageID #: 50